IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * |
| v. | * Civil Action No. WMN-14-3081 * |
| FEDEX GROUND PACKAGE SYSTEM, INC. | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

The Equal Employment Opportunity Commission (EEOC) filed this action in this Court on September 30, 2014. In its Complaint, the EEOC alleges that Defendant FedEx Ground Package System, Inc. (FedEx) has and is violating the Americans with Disabilities Act (ADA) by discriminating against and failing to accommodate deaf or hard-of-hearing individuals either employed as Package Handlers or who have applied for Package Handler positions. The action is brought on behalf of 17 named Charging Parties as well as an unspecified number of "similarly aggrieved individuals." ECF No. 1 at 1.

FedEx has filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), asking this Court to transfer this action to the United States District Court for the Western District of Pennsylvania. ECF No. 9. FedEx's headquarters is located within that district, in Pittsburgh. The motion is fully briefed. Upon review of the briefing and the applicable case

law, the Court determines that no hearing is necessary,[1] Local Rule 105.6, and that the motion will be granted.

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Thus, in ruling on a motion under § 1404(a), the Court must first determine whether venue is proper in the proposed transferee court and whether the defendant is subject to personal jurisdiction in that forum. D2L Ltd. v. Blackboard, Inc., 671 F. Supp. 2d 768, 778 (D. Md. 2009). Here, there is no dispute that venue is proper in the Western District of Pennsylvania and that FedEx is subject to personal jurisdiction in that district.

Once it is determined that the action could have been brought in the alternate forum, the court must "weigh in the balance a number of case specific factors" to determine if it should be transferred there. Mamani v. Bustamante, 547 F. Supp.

---

[1] After the motion was fully briefed, the EEOC filed a "Request for Hearing," ECF No. 16, which, as FedEx observes, was more in the nature of an improper surreply. See Local Rule 105.2.a ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). The "Request for Hearing" consists of factual and legal argument, including an attempt to distinguish several cases relied upon by FedEx in its original motion but which the EEOC failed to address in its opposition. If the EEOC believed that a surreply was warranted, it should have filed a motion for leave to file a surreply.

2d 465, 469 (D. Md. 2008) (citations omitted).  Specifically, courts are to consider (1) the weight accorded to the plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice.  Cross v. Fleet Reserve Ass'n Pension Plan, 383 F. Supp. 2d 852, 856 (D. Md. 2005).  The decision whether to transfer venue is committed to the sound discretion of the trial court.  See Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).  For the reasons that follow, the Court finds that the first, third, and fourth factors leave the appropriateness of transfer essentially in equipoise, but the second factor points decisively toward transfer.

As to the first factor, "a plaintiff's choice of forum is ordinarily accorded considerable weight." Lynch v. Vanderhoef Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002).  That weight is lessened, however, when the plaintiff is a government agency. See EEOC v. Icon Benefit Adm'rs, Inc., Civ. No. 02-527, 2003 WL 748268, at *5 (W.D. Tex. Feb. 10, 2003) (observing that "the personal interest normally associated with a plaintiff's choice of forum do not weigh as heavily in [the EEOC's] favor in this case as they do when a plaintiff is a corporation or natural person").  Nevertheless, "the presumption in favor of the plaintiff is not eliminated; the government's choice of venue is still entitled to some deference." EEOC v. Texas Roadhouse,

3

Inc., Civ. No. 11-11732, 2012 WL 5894910, at *1 (D. Mass. Nov. 9, 2012). Thus, this factor tips slightly against transfer.

As to the third factor, the convenience of the parties, it is undeniably more convenient for FedEx to have this case proceed in Pittsburgh where its headquarters is located. Many of its officers and directors are located in and around Pittsburgh. FedEx also indicates that relevant documentation including personnel records and documents related to the development of certain technology and equipment used by Package Handlers is located in Pittsburgh. Furthermore, some of that documentation only exists in paper or hardcopy format.

The relative convenience of the EEOC in litigating this action in Baltimore or Pittsburgh is more difficult to evaluate. The EEOC focuses on the fact that its investigation of this matter, which has spanned several years, was centered in its Baltimore office. The lead investigator, Bruce Kagen, worked under the supervision of managers in the Baltimore office. While the EEOC has a field office in Pittsburgh that, like its Baltimore office, is part of the EEOC's Philadelphia District, the EEOC asserts that the office is small, has little support staff, and no one in that office has worked on the FedEx investigation.

Much of the EEOC's argument concerning the "convenience of parties" factor actually centers more on the convenience of its

4

attorneys, which is not a proper consideration under § 1404(a). See Cronos Containers, Ltd. v. Amazon Lines, Ltd., 121 F. Supp. 2d 461, 466 n.4 ("Section 1404(a) is concerned with the convenience of parties and witnesses and not with the convenience of counsel.") (D. Md. 2000). Were the Court to consider the convenience of counsel, it would not be a compelling factor, regardless, as one of the individuals identified as a "lead attorney" on this case, Maria Morocco, now works out of the EEOC's Washington D.C. office and the other, Thomas Rethage, works out of its Philadelphia office. The supervising attorney over Morocco and Rethage, Regional Attorney Debra Lawrence, works primarily out of the Baltimore Field Office but the Pittsburgh office also falls under her supervision as part of the EEOC's Philadelphia District.

Were the Court to consider under this factor the convenience of Package Handlers themselves, on whose behalf this action is being brought, there is still no compelling reason to keep the case in this Court. Just one of the Charging Parties was employed in a FedEx facility located in Maryland, the rest worked, work, or applied to work in FedEx facilities throughout the country. The Court notes that one of the FedEx facilities in which the EEOC alleges unlawful employment practices have occurred is located in Pittsburgh. ECF No. 1 ¶ 29(c).

Thus, while not strongly, the Court finds that the convenience of parties factor weighs in favor of transfer.

As to the fourth factor, the interest of justice, FedEx points to the fact that the Western District of Pennsylvania is "demonstrably less congested than the District of Maryland" based upon recent statistics on the number of new civil cases and pending civil cases. ECF No. 9-1 at 12-13. This Court has considered relative court congestion in determining whether a case should be transferred, Gomez v. Kroll Factual Data, Inc., Civ. No. 12-2773, 2013 WL 639042, at *5 (D. Md. Mar. 12, 2013), although it is certainly not a significant factor. Furthermore, as the EEOC notes, the median time from filing of a civil action to final disposition is not significantly different between the two courts. ECF No. 14 at 14 n.13. Nevertheless, the Court finds that this factor tips slightly toward transfer.

The determining factor is the convenience of witnesses. This Court has held and the parties agree that this factor is "perhaps the most important factor." Mamani, 547 F. Supp. 2d at 473 (citation omitted). FedEx argues that its employees responsible for developing and implementing the training and orientation provided to Package Handlers - which the EEOC alleges does not sufficiently accommodate deaf or hard-of-hearing individuals – work at FedEx's headquarters in Pittsburgh and live in the area. It also asserts that those responsible

for selecting and developing the equipment and technology used by Package Handlers - which the EEOC alleges FedEx has failed to modify or adapt for deaf or hard-of-hearing individuals – also work and live in Pittsburgh.  Because the EEOC contends that the discriminatory practices stretch back as far as 2006, FedEx suggests it is likely that some of these individuals may be former employees.  Given that they worked in Pittsburgh, FedEx reasons that they are likely to still reside near Pittsburgh.

The EEOC counters that the focus of this case is not on any corporate-wide ADA policy developed (or insufficiently developed) in Pittsburgh, but "on the application of the policy, which vests decision-making discretion in front-line personnel." ECF No. 14 at 11.  Thus, in the EEOC's view, the key witnesses are the aggrieved individuals themselves and the front-line managers and human resources officials from each FedEx distribution facility.  While that may be true, only one of FedEx's distribution facilities is located in Maryland, the rest are disbursed across the country.  Therefore, with the exception of those potential witnesses connected with the Hagerstown, Maryland facility, Baltimore is no more convenient than Pittsburgh.  Furthermore, as noted above, there is also a distribution center located in Pittsburgh which has been identified by the EEOC as a facility with a significant number

7

of deaf and hard-of-hearing individuals in the Package Handler position.  ECF No. 1 ¶ 29(c).

From the Court's familiarity with discrimination cases brought, like this one, against large national companies, the inquiry often centers on how an official corporate policy is implemented at the local level.  In these cases, what happens at the local level is certainly critical.  To determine the liability of the corporation under the anti-discrimination statutes, however, the finder of fact also needs to understand how the official policy is developed, communicated, and monitored.  While the understanding of what is happening at the different FedEx distribution centers may come from witnesses dispersed around the country, the understanding of the official policy will come from witnesses who predominately work and live in Pittsburgh.

For the foregoing reasons, the motion to transfer will be granted.  An order consistent with this memorandum will issue.

```
                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge
```

DATED: February 24, 2015