IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Equal Employment Opportunity Commission ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 15-cv-00256 |
| v. ) | |
| ) | Hon. Mark R. Hornak |
| FedEx Ground Package System, Inc. ) | |
| ) | |
| Defendant. ) | |

**FED. R. CIV. P. 26(f) REPORT OF THE PARTIES**

1. **Identification of counsel and unrepresented parties.**

   a. For Plaintiff Equal Employment Opportunity Commission ("EEOC"): Maria L. Morocco, Esq.; Thomas D. Rethage Esq.; Jennifer L. Hope Esq.

   b. For Intervenors Deeb and Morhoff ("Intervenors"): Matthew W. Dietz, Esq.; Caroline E. Jackson, Esq.; Christine T. Elzer, Esq.

   c. For Defendant FedEx Ground Package System, Inc. ("FedEx Ground"): Grace Speights, Esq., Thomas Hurka, Esq., Michael Higginbotham, Esq., John Snyder, Esq.

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

   This is a civil rights case brought under Title I of the Americans with Disabilities Act (the ADA). The EEOC is alleging that FedEx Ground violated ADA Section 102(a), (b)(5)(A), and (b)(5)(B) by, *inter alia*, failing to provide reasonable accommodations to deaf and hard-of-hearing Package Handlers, and by discriminating against deaf and hard-of-hearing applicants for the Package Handler position in the hiring process (the "aggrieved individuals"). *See* Complaint (ECF 1) at ¶¶ 42, 47. Intervenors, Terri Morhoff and Lourdes Deeb, who are deaf former Package Handlers, similarly allege that FedEx Ground violated the ADA by failing to provide them reasonable accommodations. FedEx Ground denies all such allegations.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Parties held the Rule 26(f) Conference on March 16, 2016. The participants were: Jennifer Hope, Maria Morocco, and Tom Rethage for the EEOC; Christine Elzer and Matthew Dietz for Intervenors Lourdes Deeb and Terri Morhoff; and Grace Speights and Thomas Hurka for Fedex Ground.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures,

including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

The Initial Scheduling Conference is scheduled for March 30, 2016.

5.  **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

    FedEx Ground previously filed a motion to dismiss, which was denied by the Court. The EEOC is waiting for FedEx Ground to amend its answer to determine whether it may need to undertake dispositive motions practice with regards to the conciliation "affirmative defense."

6.  **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

    The Parties participated in mediation with JAMS on May 21, 2015, and have met the requirements of Local Rule 16.2 and of the Court's ADR Policies and Procedures. *See* ECF Nos. 36, 39, 44.

7.  **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

    The parties' initial disclosure protocols and deadlines comprise part of their respective discovery plans and are therefore addressed in the respective parties' phased discovery plan submissions under paragraph 9e. To the extent not modified by its discovery plan submission, EEOC proposes a Rule 26(a)(1) deadline for initial disclosures of April 6, 2016. To the extent not modified by its discovery plan submission, FedEx Ground proposes a Rule 26(a)(1) deadline of April 6, 2016 as well.

8.  **Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

    The Parties will need fact discovery with regards to the liability and damages claims being brought on behalf of each aggrieved individual; with regards to the EEOC's claims for injunctive and equitable relief; and with regards to Defendant's defenses to EEOC's and Intervenors' claims.

9.  **Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on**

**which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):**

a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

The parties' initial disclosure protocols and deadlines comprise part of their respective discovery plans and are therefore addressed in the respective parties' phased discovery plan submissions under paragraph 9e. To the extent not modified by its discovery plan submission, EEOC proposes a Rule 26(a)(1) deadline for initial disclosures of April 6, 2016.  To the extent not modified by its discovery plan submission, FedEx Ground proposes a Rule 26(a)(1) deadline of April 6, 2016.

b.    **Date by which any additional parties shall be joined:**

April 30, 2016

c.    **Date by which the pleadings shall be amended:**

April 30, 2016.[1]

d.    **Date by which fact discovery should be completed:**

The parties' requested discovery deadlines comprise part of their respective phased discovery plans and are therefore addressed in the respective parties' phased discovery plan submissions under paragraph 9e. The Parties are in agreement that discovery should proceed in four phases, that there should be deadlines for each phase, that fact discovery should proceed in Phases I-III, and that Phase III should end by March 1, 2020.

e.    **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

The Parties have agreed to undertake discovery in four phases; however, they disagree as to the discovery to be pursued at each stage.  The Parties agree that the Court conduct a status conference shortly after the end-date for each phase. The Parties agree that the discovery for each respective phase will not be served for the next phase until the status conference has occurred for the previous stage, except to the extent a Party proposes discovery continue on a rolling basis through more than one phase.  The Parties further agree that Phases 1-III should encompass fact discovery and be concluded by March 1, 2020, and that phase IV should encompass expert discovery and be concluded by March 1, 2021.

Beyond this, despite extensive conferencing and the exchange of various written proposals, the parties have been unable to agree as to the structure, content and timing of

---

[1] FedEx Ground has agreed to file a First Amended Answer on or before March 25, 2016, in order to address the administrative exhaustion and conciliation issues discussed by the parties.  Further amendment of the pleadings would be permitted until the deadline.

Phases I through III of discovery.  Therefore, each party separately filed its own proposals with respect to the details and timing of the various discovery phases.

**f.     Date by which plaintiff's expert reports should be filed:**

August 1, 2020.

**g.     Date by which depositions of plaintiff's expert(s) should be completed:**

December 1, 2020.

**h.     Date by which defendant's expert reports should be filed:**

October 1, 2020.

**i.     Date by which depositions of defendant's expert(s) should be completed:**

January 15, 2021.

**j.     Date by which third party expert's reports should be filed:**

n/a

**k.     Date by which depositions of third party's expert(s) should be completed:**

n/a

**10.    If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

Changes to the otherwise applicable limitations on discovery comprise part of the parties' respective discovery plans and are therefore addressed in the respective parties' phased discovery plan submissions under paragraph 9e.

**11.    Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration.  In particular, answer the following questions:**

The parties conducted an ESI conference call on March 22, 2016 for the purpose of exchanging preliminary information about electronic systems likely to contain relevant ESI discovery and sharing information about *inter alia*, the nature, functions, searchabiltiy, storage, and accessibility of the systems and formats for production of information from the systems.  The parties have agreed to continue their cooperative efforts for sharing necessary information about electronic systems and to confer about protocols for searching and producing relevant ESI, which may differ depending upon the information sought and the electronic system at issue.  The parties agree that sharing of necessary information about ESI and electronic systems should occur early in the

discovery process, but may need to continue as appropriate in later stages of discovery when relevant ESI requests or productions are at issue.

a. **ESI**.  Is either party seeking the discovery of ESI in this case?  x  Yes   □  No

   If disputed, identify the nature of the dispute  _____N/A_____

b. **Metadata:**  Will any metadata be relevant in this case?  x  Yes   □  No

   The parties agree that metadata associated with ESI may be relevant in this case and should be capable of inclusion in ESI production from electronic systems.  The parties agree to confer concerning relevant metadata and protocols for production, which may differ depending upon the metadata sought and the electronic system at issue.

c. **Format**.  Have the parties agreed on the format(s) for production of ESI?
   x  Yes   □  No

   The parties have conferred about general formats for production of ESI and compatibility with the discovery management systems used by each party.  The parties agree to continue to confer about production formats as requests and productions are served, recognizing that preferred protocols may differ depending upon the information sought and the electronic system at issue.

d. **Clawback Agreement**.  Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D?  x  Yes   □  No

   If no, will an alternative provision be proposed?  □  Yes (Please attach)   □  No

e. **Search terms**.  Have the parties agreed on any protocol for review of electronic data?       □  Yes   x  No

   The parties agree that it is premature to commit to any particular protocol for searching or reviewing ESI.  The parties agree to continue to confer about search protocols, recognizing that appropriate protocols may differ depending upon the information sought and the electronic system at issue.

f. **Accessibility**.  Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)?  x  Yes   □  No

   The parties conferred concerning the accessibility of ESI from likely electronic systems, including e-mail and HRIS systems, for likely time-frames that will be the subject of discovery requests.  The parties have not yet identified any immediate accessibility issues for production of relevant ESI.  The parties will continue to confer about the accessibility of ESI, noting that accessibility issues may differ depending upon the information sought and the electronic system at issue.

g. **Preservation**.  Are there any unresolved issues pertaining to the preservation of ESI?

        The parties conferred concerning the preservation of ESI from likely electronic systems, including e-mail and HRIS systems, for likely time-frames that will be the subject of discovery requests.  The parties have not yet identified any immediate preservation issues for production of relevant ESI.  The parties will continue to confer about the preservation of ESI, noting that preservation issues may differ depending upon the information sought and the electronic system at issue.

        h.    <u>**Other**</u>.  **Identify all outstanding issues or disputes concerning ESI**

        The parties have not identified any present disputes concerning ESI.  The parties agree to work in a collaborative manner and to make all reasonable efforts to resolve future discovery disputes concerning ESI.  Should the parties be unable to resolve any such disputes, they will bring the disputes to the Court's attention.

12.    **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:  (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling.  In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

The Parties have agreed to participate in a post-discovery status conference after the close of Phase IV (expert discovery).

    a.    **Settlement and/or transfer to an ADR procedure;**

    b.    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

    c.    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    d.    **Dates by which parties' pre-trial statements should be filed;**

    e.    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    f.    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    g.    **Dates proposed for final pre-trial conference;**

    h.    **Presumptive and final trial dates.**

13.    **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

      The parties contemplate the submission of a joint proposed protective order to cover, *inter alia*, HIPAA covered protected health information.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached**:

    The parties, while agreeing to the need to manage discovery in this matter using phases for the conducting of certain categories of disclosures, the parties disagree as to the structure of such a phased discovery plan. The parties' positions as the proposed discovery plans are therefore addressed in the parties' discovery plan submissions under paragraph 9e.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    The Parties participated in mediation with JAMS on May 21, 2015, and have met the requirements of Local Rule 16.2 and of the Court's ADR Policies and Procedures. *See* ECF Nos. 36, 39, 44.

DATED: March 23, 2016                            Respectfully submitted,

                                                    /s/ Maria L. Morocco (with permission)
Maria L. Morocco
EEOC – Supervisory Trial Atty

                                                    /s/ Thomas D. Rethage (with permission)
Thomas D. Rethage
EEOC – Senior Trial Atty

                                                    /s/ Christine T. Elzer (with permission)
Christine T. Elzer
For Intervenors

                                                    /s/ Matthew W. Dietz (with permission)
Matthew W. Dietz
For Intervenors

                                                    /s/ Grace E. Speights
Grace E. Speights
For Defendant FedEx Ground