## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) <br> ) <br> ) |
| Plaintiff, | )    Civil Action No. 2:15-cv-00256 <br> ) |
| v. | )    Judge Mark R. Hornak <br> ) |
| FEDEX GROUND PACKAGE<br>SYSTEM, INC. | ) <br> ) <br> ) |
| Defendant. | ) |

## OPINION

**Mark R. Hornak, United States District Judge.**

The question now before the Court is whether Defendant FedEx Ground Package System, Inc., ("FedEx") should be granted leave to amend its now-operative Second Amended Answer in this case and file a Third Amended Answer to the EEOC's Complaint. The answer is no.

FedEx's Motion for Leave to File Its Third Amended Answer to the EEOC's Complaint, ECF No. 191, is therefore denied.

## I.    BACKGROUND

This 2014[1] lawsuit arises out of the EEOC's claims that FedEx violated the Americans with Disabilities Act (ADA)[2] by discriminating against deaf and hard-of-hearing individuals who worked in, and applied for, Package Handler positions with FedEx. (Compl., ECF No. 1.) The story began when seventeen (17) deaf or hard-of-hearing individuals filed Charges of

---

[1] This case was filed in the District of Maryland on September 30, 2014 (ECF No. 1), and was transferred to this Court on February 24, 2015 (ECF Nos. 19, 20).

[2] 42 U.S.C. § 12117(a) (Section 107(a) of the ADA, incorporating by reference § 706 of the Civil Rights Act of 1964 ("Title VII")); 42 U.S.C. § 1981a (Section 102 of the Civil Rights Act of 1991).

Discrimination against FedEx, which the EEOC then consolidated as part of a nationwide systemic investigation of potential ADA violations. (Op., ECF No. 77, at 3.) As early as November 2010, FedEx and the EEOC were in communication about the EEOC's investigation. (Ex. A-Letter Dated Nov. 1, 2010, EEOC's Resp. in Opp'n, ECF No. 201-1.) The EEOC then issued Letters of Determination notifying FedEx that it had reasonable cause to believe FedEx had violated the ADA, and the parties subsequently engaged in a process of conciliation, conference, and persuasion. (Op., ECF No. 77, at 3.) Those efforts were unsuccessful, and the EEOC filed the operative Complaint on September 30, 2014, seeking various forms of equitable relief and money damages. (*Id.*)

Following an unsuccessful Motion to Dismiss,[3] FedEx has filed three (3) Answers to the same original Complaint, and it now seeks leave to file a fourth. The changes in the various Answers revolve around certain pre-suit requirements (sometimes referred to as "conditions precedent"), specifically conciliation.[4] The EEOC pleads that it has satisfied these requirements, including the duty to conciliate. The Complaint, in part, states:

¶ 7. All conditions precedent to the institution of this lawsuit have been fulfilled[.]

. . . .

¶ 9. The EEOC consolidated the above charges as part of a nationwide systemic investigation of ADA violations by FedEx against deaf and hard-of-hearing individuals. After the parties participated in the EEOC's investigative process, the EEOC issued Letters of Determination notifying FedEx that there was reasonable cause to believe that, in relevant part, it had violated the ADA with respect to the Charging Parties and further with respect to similarly aggrieved deaf and/or hard-

---

[3] *See* Order Den. FedEx's Mot. to Dismiss, ECF No. 78.

[4] "The ADA incorporates Title VII's remedial scheme in cases involving employment discrimination. 42 U.S.C. § 12117(a)." *EEOC v. Grane Healthcare Co.*, 2 F. Supp. 3d 667, 688 (W.D. Pa. 2014). In order to commence an action, the EEOC must satisfy certain conditions. *Id.* One such condition requires the EEOC to "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). "The EEOC may commence an enforcement action only if it has been unable to secure an acceptable 'conciliation agreement' from the offending employer." *Grane Healthcare*, 2 F. Supp. 3d at 688.

of-hearing individuals who are current or former Package Handlers or applicants to the Package Handler position.

¶ 10. Following its determination, the EEOC endeavored to eliminate the unlawful employment practices identified in the Letters of Determination through informal methods of conciliation, conference, and persuasion. After these efforts proved unsuccessful, the EEOC so notified the parties and proceeded with the commencement of this lawsuit.

(Compl., ECF No. 1 ¶¶ 7, 9, 10.)

## A. FedEx's Initial Answer

FedEx filed its first Answer ("Initial Answer") to the Complaint on February 26, 2016. (Initial

Answer, ECF No. 85.) The Initial Answer states in relevant part:

¶ 7. The allegations of Paragraph 7 consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, FedEx Ground denies the allegations of Paragraph 7.

. . . .

¶ 9. FedEx Ground admits that the EEOC consolidated the Charges of Discrimination listed in Paragraph 8 as part of a nationwide systemic investigation, and that the EEOC issued Letters of Determination on those Charges notifying FedEx Ground that there was reasonable cause to believe that it violated the ADA with respect to the Charging Parties. Except as expressly admitted, FedEx Ground otherwise denies the allegations of Paragraph 9.

¶ 10. FedEx Ground admits that the EEOC purported to conciliate the alleged violations prior to commencing suit, but FedEx Ground expressly denies that the EEOC properly discharged its statutory conciliation obligations in good faith. Except as expressly admitted, FedEx Ground otherwise denies the allegations of Paragraph 10.

(Initial Answer, ECF No. 85 ¶¶ 7, 9, 10.) The Initial Answer also contains Affirmative Defense

#4, alleging that the EEOC failed to conciliate in good faith, and Affirmative Defense #5, alleging

that the EEOC failed to exhaust administrative remedies. (*Id.* at Affirmative Defenses ¶¶ 4, 5.)

3

## B. FedEx's Second Answer

About one month after the Initial Answer, FedEx filed a Consent Motion for Leave to File Amended Answer. (Consent Mot., ECF No. 92.) This Consent Motion stated that the EEOC believed that FedEx "neglected to admit certain allegations" made in its Complaint, "wrongly denied" certain allegations, and included "legally untenable" defenses. (*Id.* ¶ 2.) According to FedEx, prior to its Consent Motion, the EEOC informed FedEx that it would seek Rule 11 sanctions if FedEx did not alter its Answer as to certain of its responses to the Complaint's allegations and certain of its asserted affirmative defenses. (FedEx's Reply Br., ECF No. 206, at 3.) FedEx informed the Court in the Consent Motion that although it "does not necessarily agree" with the EEOC's assessment of its Initial Answer, it has agreed to amend portions of its Initial Answer. (ECF No. 92 ¶ 3.) The Court granted the Consent Motion, and FedEx filed its Amended Answer ("Second Answer") on March 25, 2016. (Second Answer, ECF No. 94.)

While Paragraph 7 remained unchanged, Paragraphs 9 and 10 of FedEx's responses to the Complaint were amended[5] in the Second Answer as follows:

¶ 9. FedEx Ground admits that the EEOC consolidated the Charges of Discrimination listed in Paragraph 8 as part of a nationwide systemic investigation, and that the EEOC issued Letters of Determination on those Charges notifying FedEx Ground that there was reasonable cause to believe that it violated the ADA with respect to the Charging Parties, **as well as other allegedly aggrieved deaf and/or hard-of-hearing individuals who are current or former Package Handlers or applicants to the Package Handler position**. Except as expressly admitted, FedEx Ground otherwise denies the allegations of Paragraph 9.

¶ 10. FedEx Ground admits that the EEOC ~~purported to conciliate~~ **conciliated** the alleged violations prior to commencing suit~~, but FedEx Ground expressly denies that the EEOC properly discharged its statutory~~. **To the extent the EEOC attempts to include in this action additional claimants or allegedly aggrieved individuals who did not apply for or begin their employment with FedEx Ground until after the EEOC engaged in conciliation efforts with FedEx Ground, however, FedEx Ground avers that the EEOC failed to discharge its** conciliation

---

[5] The bold language indicates language that was added (i.e., not present in the previous Initial Answer) and the stricken language indicates language that appeared in the Initial Answer but was deleted in the Second Answer.

obligations ~~in good faith~~ **with respect to such claimants and/or allegedly aggrieved individuals**. Except as expressly admitted, FedEx Ground otherwise denies the allegations of Paragraph 10.

(Second Answer ¶¶ 9, 10.)

To summarize, FedEx broadened its admission of a nationwide investigation, admitting that the EEOC issued Letters of Determination as to not just the Charging Parties but also as to other allegedly aggrieved individuals who are current or former Package Handlers or applicants to that position. (*Id.* ¶ 9). FedEx also changed its denial of good faith conciliation and admitted that conciliation occurred (except with respect to any allegedly aggrieved individual who had not applied for or began employment with FedEx until after the conciliation efforts occurred). (*Id.* ¶ 10.)

The Second Answer also amended Affirmative Defense #4. Instead of alleging a failure to conciliate in good faith, the Second Answer alleged a failure to conciliate as to "certain potential claimants." (*Id.* at Affirmative Defense ¶ 4.) FedEx completely removed its initial Affirmative Defense #5 in the Second Answer (which alleged failure to exhaust administrative remedies). (*Id.* at Affirmative Defense ¶ 5.)

## C. FedEx's Third Answer

On August 10, 2016, FedEx filed a Consent Motion for Leave to File Second Amended Answer. (ECF No. 102.) According to that Consent Motion, the parties met and conferred with respect to FedEx's Affirmative Defense #4, and FedEx asserted in that Consent Motion that it "has reevaluated its position and plans to withdraw its assertion of that affirmative defense through the filing of a Second Amended Answer." (*Id.* ¶ 3.) The Court granted that Consent Motion, and the "Third Answer" was filed on August 15, 2016. (Third Answer, ECF No. 104.) Paragraphs 7 and 9 of the Third Answer remained the same as the Second Answer, but Paragraph 10 states:

¶ 10. FedEx Ground admits that the EEOC conciliated the alleged violations prior to commencing suit.

Affirmative Defense #4 asserting a failure to conciliate as to "certain potential claimants" was also removed from the Third Answer. *(Id.)*

In addition to the substantial changes in the Third Answer (the actual withdrawal of Affirmative Defense #4 and the removal of the various denials of full conciliation in Paragraph 10), the record also includes an e-mail between FedEx and EEOC counsel dated August 8, 2016 (two days prior to the filing of the latest Consent Motion as to the "Third Answer"), in which FedEx counsel informed the EEOC counsel that "[FedEx] no longer intends to assert that the EEOC failed to conciliate." (E-mail from John Snyder, Sr. Counsel-Litigation for FedEx, to Thomas Rethage, Sr. Trial Attorney for U.S. EEOC (Aug. 8, 2016, 10:57 AM) (ECF No. 140-3, at 14).)

### D. FedEx's Proposed Fourth Answer

In May 2017, *months* after all of the events leading up to the "Third Answer" (the Second Amended Answer), and *months* after the August 8, 2016, email from FedEx's lawyer to the EEOC's lawyer confirming that FedEx would no longer assert that the EEOC failed to conciliate, FedEx sought discovery concerning the EEOC's conciliation and the EEOC's efforts to individually investigate each aggrieved individual. (FedEx's Mot. to Compel, ECF No. 116.) The EEOC, perceiving these discovery requests as an attempt to resurrect the issue of failure to engage in conciliation that it believed was put to bed with the Third Answer, filed a Motion for Partial Summary Judgment. (ECF No. 139.) In its Brief in Support of Partial Summary Judgment, the EEOC argued that FedEx's Third Answer waived any objections to the fulfillment of the

6

conditions precedent including as to conciliation.[6] (EEOC's Br. in Supp. of Partial Summ. J., ECF No. 140, at 10.) Acknowledging that "there is not a defense asserted in the case of failure to conciliate," at a hearing before this Court, FedEx then asked the Court for permission to file a motion for leave to file a new Answer. (Tr. of Proceedings, ECF No. 189, at 40:5–40:8 & 47:10–22.) The EEOC's Partial Motion for Summary Judgment was dismissed without prejudice to the EEOC re-filing it after any motions for leave to file a Third Amended Answer were disposed of by the Court.

FedEx filed its Motion for Leave to File Its Third Amended Answer to the EEOC's Complaint, ECF No. 191. The latest proposed amended answer ("Proposed Fourth Answer") seeks to amend Paragraphs 7, 9, and 10. The lengthy changes are summarized[7] by the Court as follows:

A. ¶ 7 of the Proposed Fourth Answer adds *two-and-a-half pages of denials*, including denials that the EEOC satisfied pre-suit requirements, that FedEx waived any rights to challenge the EEOC's satisfaction of them, and denials that all aggrieved individuals interacted in good faith regarding accommodation such that relief may be pursued on their behalf.

. . . .

B. ¶ 9 adds *almost two pages of denials* that largely repeat the denials in Paragraph 7.

C. ¶ 10 keeps the language from the Third Answer: "FedEx Ground admits that the EEOC conciliated the alleged violations prior to commencing suit" but then adds, (as quoted in the Proposed Fourth Answer) "which is not an admission that:
   • Conciliation encompassed: if a list of persons was exchanged between the EEOC and Ground, any persons who were not specifically named on that list; any class, similarly situated, similarly aggrieved, or other group of persons with a common defining characteristic known by the EEOC or FedEx Ground and determinative of who was inside or outside of the group;

---

[6] In the alternative, the EEOC's Brief in Support argued that even if there was a valid and preserved objection, the EEOC could show that the obligation to conciliate has been met as a matter of law. (Tr. of Proceedings, ECF No. 189, at 3:15–4:2.)

[7] They need to be summarized, as just the parts of the Answer to be amended involved *six* pages of new content.

anyone who suffered an alleged violation after the applicable charge was filed; anyone who suffered an alleged violation after the applicable Letter of Determination was issued; anyone who suffered an alleged violation after this lawsuit was filed; or anyone who was not included in all of the previous steps of the presuit process.

- Conciliation encompassed: anyone who suffered an alleged violation after the close of conciliation.
- The EEOC satisfied the pre-suit requirements of Title VII or FedEx Ground waived its right to challenge the EEOC's satisfaction of the pre-suit requirements of Title VII."

The first bullet point in Paragraph 10 contains (in part) a footnote (yes, a footnote in an *Answer*) with the following language:

FedEx Ground may require additional leave to further amend this answer once these issues have been decided by the Court.[8]

(ECF No. 191-2, at 9.)

The parties have fully briefed FedEx's Motion for Leave, and the Court authorized additional briefing on the application of Federal Rule of Civil Procedure 16(b)(4) to FedEx's Motion for Leave. (ECF Nos. 192, 201, 206, 217, 218, 219.) The Motion is now ripe for disposition.

## II.    STANDARD

### A.    Fed. R. Civ. P. 16(b)(4)

A party seeking leave to amend pleadings after a deadline set in the Court's case management order must satisfy Rule 16(b)(4). *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Under Rule 16(b)(4), a case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Only after the moving party demonstrates good cause under Rule 16(b)(4) may the Court consider its Motion to Amend under Rule 15's standard." *Greygor v. Wexford Health Sources, Inc.*, No. 14-cv-1254,

---

[8] The Court's fair reading of this statement is that at the time FedEx made its Motion, it believed that it had one or more additional Answers up its sleeve, but it was apparently going to be doling them out in chapters.

8

2016 WL 772740, at *2 (W.D. Pa. Feb. 27, 2016) (citing *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221–22 (3d Cir. 2014)). "Thus, in such instances, the lenient Fed. R. Civ. P. 15(a)(2) standard . . . yields to the good cause requirement." *Lee v. Park*, 720 F. App'x 663, 669 (3d Cir. 2017). "The purpose of limiting the period for amending the pleadings is to assure 'that at some point both the parties and the pleadings will be fixed.'" *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004) (quoting Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b)). Because good cause under Rule 16(b)(4) looks to the diligence of the party seeking the modification of the scheduling order, the party seeking modification bears the burden to demonstrate "good cause" before the Court will amend a case management order's deadline. *Id.*; *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. Sept. 15, 2010). Denials of motions for leave to amend pleadings under Rule 16(b)(4) are reviewed for abuse of discretion. *Lee v. Park*, 720 F. App'x at 666.

## B. Fed. R. Civ. P. 15(a)

Leave to amend shall be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), in order to promote the general policy of the Federal Rules of Civil Procedure that cases are better resolved on their merits. *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). The standard for granting leave to amend was recently outlined by our Court of Appeals in *Mullin*:

> In determining whether leave to amend might reasonably be denied, courts are guided by the *Foman* factors, named for the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178 (1962). Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility. The *Foman* factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff. All factors are not created equal, however, as "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

9

*Mullin*, 875 F.3d at 149–50. A court should only deny leave "when these factors suggest that amendment would be 'unjust.'" *Arthur*, 434 F.3d at 203.

## III. DISCUSSION

"[W]hen a party seeks leave to amend the pleadings after the deadline set by a court's scheduling order, that party must first satisfy Rule 16(b)(4)'s requirements for modifying a scheduling order." *Abed-Rabuh v. Hoobrajh*, No. 17-cv-15, 2018 WL 300453, at *2 (W.D. Pa. Jan. 4, 2018) (quoting *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 15-cv-22, 2017 WL 4286343, at *2 (W.D. Pa. Sept. 26, 2017)). Thus, the Court will first analyze FedEx's Motion for Leave under Rule 16(b)(4) to determine whether FedEx has demonstrated good cause to modify the operative scheduling order, and then, to the extent necessary, the Court will analyze FedEx's Motion for Leave under Rule 15(a)(2) to determine whether permitting the filing of the Proposed Fourth Answer to this case would be unjust.

### A. Fed. R. Civ. P. 16(b)(4)

The operative scheduling order is the Initial Case Management Order dated May 3, 2016. (ECF No. 98 ("CMO").) The CMO states, "Pleadings shall be amended on or before June 17, 2016." (*Id.* ¶ 2(b).) After reviewing this Motion for Leave under the Rule 16(b)(4) analysis, the Court concludes that FedEx has not carried its burden to show good cause for modification of the deadline to file a Fourth Answer more than eighteen (18) months after the deadline to amend pleadings has passed.

FedEx initially argues that, in the Third Circuit, Rule 16 does not trump the liberal amendment standard of Rule 15, and the Court must focus solely on the Rule 15 factors, most notably prejudice. There has been some debate in recent years as to whether the Third Circuit applies the Rule 16(b)(4) standard or whether the Rule 15 standard alone should govern motions

for leave to amend pleadings regardless of case management orders. *Race Tires* was the first time that our Court of Appeals addressed the "tension" between Rule 15(a)(2) and Rule 16(b)(4). 614 F.3d at 84. But the *Race Tires* Court did not fully settle the "tension" because it held there was no abuse of discretion in denying leave to amend where the district court concluded amendment was improper under *either* standard. 614 F.3d at 84. However, in a recent non-precedential opinion, our Court of Appeals took a clearer position: "[w]here a scheduling order governs amendment of the pleadings," it is proper to apply the Rule 16(b)(4) standard.[9] *Lee v. Park*, 720 F. App'x at 669.[10] This Court followed such an approach in *Abed-Rabuh*, 2018 WL 300453, and *Acosta v. Holland Acquisitions, Inc.*, No. 15-cv-1094, 2018 WL 2230895, at *4 (W.D. Pa. May 16, 2018), and follows suit here. Although it is true that Rule 16(b)(4) applies a stricter standard to requests for amendment, that reality is likely attributable to the fact that the operative deadline for Rule 16(b)(4) is one the parties themselves have a heavy hand in creating[11] and one that is tailor-made by the presiding judicial officer for each case.

FedEx next argues that the Court already modified its scheduling orders to allow for FedEx to permit the filing of FedEx's Proposed Fourth Answer, so its Motion for Leave passes Rule 16(b)(4) muster. It is true that the Court set a deadline for FedEx to file any motions *for leave* to amend (Order, ECF No. 188 ¶ 4) after counsel for FedEx expressed a desire to amend its Answer

---

[9] FedEx's argument that Rule 15 trumps Rule 16 because our Court of Appeals did not apply a Rule 16 analysis in *Mullin v. Balicki*, 875 F.3d 140 (3d Cir. 2017), and *Heyl & Patterson International Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419 (3d Cir. 1981), is undercut by the fact that Rule 16 was never raised by the parties or the Court in those cases.

[10] The Court is unpersuaded by FedEx's attempts to brush aside *Lee v. Park* as too "difficult to assess." (FedEx's Suppl. Br. in Supp., ECF No. 219, at 4 n.3.) FedEx's own point that *Lee v. Park* was decided one month after *Mullin* underscores that our Court of Appeals was well aware of Rule 15(a)(2) when it issued its opinion in *Lee v. Park*.

[11] On this point, FedEx and EEOC proposed a pleading amendment deadline of April 30, 2016, in their 26(f) report. (ECF No. 91, ¶ 9 (c).)

at oral argument on the EEOC's Motion to Bar FedEx's Use of Conciliation Information, but was unable to assert any argument in support of that position at that time. (Tr. of Proceedings, ECF No. 189, 38:7–13.) FedEx did indeed meet that deadline, which is why the Court took the Motion for Leave under advisement. That does not diminish the fact that the deadline to amend pleadings in this case was June 17, 2016. The later deadline for motions for leave did not override any case management orders. The reality is that the passing of the CMO's deadline means any motion for leave to amend pleadings must now pass muster under a Rule 16 analysis.[12]

With these procedural arguments disposed of, the Court proceeds to the merits, applying the Rule 16(b)(4) test for "good cause" to the facts of this case. FedEx argues that it has shown "good cause" for modification of the pleading deadline because its Proposed Fourth Amendment seeks only to "elaborate[ ] on denials that are already present" in its Third Answer. (FedEx's Suppl. Br., ECF No. 219, at 5.) FedEx also claims this Proposed Fourth Answer is necessary because the EEOC "misconstrued" its Third Answer. This is insufficient to show good cause.

First, the EEOC's interpretation (whatever it may be) of FedEx's Third Answer is nothing more than an adversary's interpretation. To the extent the language of the Third Answer is placed into controversy, the ultimate meaning of the language will be decided by this Court. And FedEx has informed the Court that even if it were now granted leave to file a Fourth Answer, it may approach the Court with one or more further "mystery" amendments depending on how the Court rules on various other matters. (ECF No. 191-2, ¶ 10 ("FedEx Ground may require additional leave

---

[12] FedEx also argues that the Court "implicitly modified" the June 17, 2016, deadline when it granted the Consent Motion for Leave to File Second Amended Answer, ECF No. 102, on August 11, 2016. (FedEx's Suppl. Br. in Supp., ECF No. 219, at 2 n.1; Order, ECF No. 103.) As the name states, that was an unopposed motion. But this Motion for Leave is opposed. FedEx cannot now evade the proper analysis because the EEOC gave it a free pass the last time. Nor does the lack of a Rule 16(b)(4) analysis of the Third Answer render the Third Answer essentially void, as FedEx suggests.

to further amend this answer once these issues have been decided by the Court.").) This is quintessential (and impermissible) wait-and-see pleading.

FedEx next argues that it had no reason to seek leave to further amend its Answer until well after the pleading deadline because it was not until the Court questioned whether defenses based on the pre-suit process were present in the then-operative pleadings that FedEx first thought that amendment of its Answer might be necessary; therefore FedEx contends the fact that it sought leave to amend immediately thereafter demonstrates its due diligence. That makes no sense. Here's why. First, FedEx offers up no persuasive basis to cast aside the crystal clear admission in its Third Answer that the EEOC "conciliated the alleged violation prior to commencing suit." Beyond that stark reality, FedEx has taken three opportunities to provide its response to the Complaint, and it has offered no assurances (only assurances to the contrary, in fact) that this Proposed Fourth Answer would be its last and final response to the Complaint. At some point, pleadings must become fixed. The fact that the Court pointed out to FedEx at oral argument that FedEx was making an argument not supported by FedEx's own pleading is not some sort of novel "bolt out of the blue" and does not support further amendment here.

This is not a case where new evidence has come to light. *See Race Tires*, 614 F.3d at 85 (noting that plaintiffs were on notice of several key facts supporting their proposed claim). This is a case where FedEx is now in essence holding hostage the three paragraphs of its Answer addressing *pre-suit* events that its own pleading (and lawyers) had put to bed months earlier. While it may want to seek to keep its litigation options open, that would prevent this case from moving forward to adjudication on the merits for no legitimate reason. FedEx's own counsel indicated that the purpose of the Third Answer was to clarify that "[FedEx] no longer intends to assert that the EEOC failed to conciliate." (ECF No. 140-3, at 14.) Yet, now FedEx inexplicably asserts that its

13

Third Answer already has all the denials necessary to place that pre-suit process at issue. (ECF No. 219, at 5.) And FedEx's hope to elaborate on denials that it believes to be already in its immediately prior Answer in order to avoid what it says is further controversy as to the already-previewed EEOC partial summary judgment Motion on the issue does not strike the Court as a diligent (or legitimate) pursuit of its position. *See Abed-Rabuh*, 2018 WL 300453, at \*2. There is simply no good cause shown to allow FedEx to take yet another swing at answering the one and only Complaint in this case in order to resurrect a defense it had affirmatively abandoned.

## B. Fed. R. Civ. P. 15(a)(2)

Having concluded that the request to file the Proposed Fourth Answer to this lawsuit should not be permitted under Rule 16, the Court's analysis could end here; however, because the Court would also deny the Motion for Leave under Rule 15, the Court will further analyze FedEx's Motion for Leave under that standard. FedEx asks the Court to focus on the lack of prejudice to the current and prospective Defendants if it can just file its Fourth Answer. The EEOC argues that the Motion for Leave should be denied based on its undue delay and futility. Therefore, to the extent necessary, the Court will address each argument in turn.

### i. Prejudice

FedEx argues that the leave to amend "should always be granted unless the proposed amendment is so prejudicial that it renders the opposing party unable to present its case." (FedEx's Br. in Supp., ECF No. 192, at 1.) FedEx then argues its Proposed Fourth Answer does not prejudice the EEOC because (1) satisfaction of pre-suit requirements is always at issue as being jurisdictional in Title VII and ADA suits, (2) its Proposed Fourth Answer is a mere elaboration on its Third Answer, (3) this case is still in the early stages of discovery, and (4) the EEOC is already geared up to battle the issue of the fulfillment of pre-suit requirements.

14

First, FedEx argues that compliance with the conciliation requirement could not have been waived in a prior Answer, so it will not prejudice the EEOC if FedEx files its Proposed Fourth Answer to make such denial "clear." FedEx bases its "unwaivable" argument on the premise that EEOC's satisfaction of the conciliation requirement is a jurisdictional element of its prima facie case and thus can never be waived. The Court joins the prevailing view that, certainly since the decision in *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645 (2015), the obligation of the EEOC to engage in conciliation does not go to the district court's subject matter jurisdiction. *EEOC v. MVM, Inc.*, No. 17-cv-2881, 2018 WL 1882715, at *2 (D. Md. Apr. 19, 2018); *EEOC v. MJC, Inc.*, 306 F. Supp. 1204, 1209–12 (D. Hawaii 2018); *EEOC v. Marquez Bros. Int'l, Inc.*, No 17-cv-44, 2017 WL 4123915, at *2–4 (E.D. Cal. Sept. 18, 2017)("Between the absence of jurisdictional language regarding the conciliation, the clear jurisdictional language in surrounding subsections, and the absence of any Supreme Court precedent identifying the conciliation requirement as a jurisdictional prerequisite, the Court concluded that the requirements of Section 2000e-5(f)(1) are non-jurisdictional conditions precedent to suit."). If FedEx affirmatively waived those requirements in its Third Answer, as the EEOC rather persuasively asserts, then the EEOC would suffer prejudice if those closed matters were now re-opened and litigated anew for no good reason.

Second, FedEx tries to thread the needle by arguing that even if a defense premised on the pre-suit conciliation requirement was subject to waiver (which the Court concludes it is), it does not result in a closed matter now being re-opened by FedEx's Motion, since FedEx says that its Third Answer did not actually and affirmatively waive its defense as to conciliation.[13] In other words, FedEx claims the validity of such pre-suit requirement was already placed on the litigation

---

[13] Given the express concession in that Answer, this is a rather stunning argument.

table by the Third Answer,[14] so no prejudice would result from a refurbished denial in a Proposed Fourth Answer. This also leads the Court back to the issue of futility: if FedEx asserts that its Third Answer kept certain controversies alive, it does not need to amend yet again. The end result is the same: the Motion fails under Rule 15(a)(2).

Third, in another effort to show lack of prejudice, FedEx points out that the EEOC had already filed a Motion for Partial Summary Judgment to settle the issue of pre-suit requirements, so it has had notice that those disputes were at issue. However, it is clear that FedEx seeks amendment to put itself in what it thinks is a better position than where it currently stands in order to oppose that now-dismissed Motion for Partial Summary Judgment. "While we are cognizant of the liberal amendment policy of the Rules, it is also true that they give district courts discretion to deny a motion in order to forestall strategies that are 'contrary to both the general spirit of the federal rules and the liberal amendment policy of Rule 15(a).'" *CMR D.N. Corp. & Marina Towers Ltd. v. City of Phila.*, 703 F.3d 612, 630–31 (3d Cir. 2013) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1488, at 814 (1984) (Supp. 2012)).

Finally, and really to the point, we are now in the fourth year of this case's life. The proceedings so far have been significant and involved. The August 8, 2016, e-mail from FedEx's counsel to the EEOC demonstrates the prejudice that granting leave to amend would cause in this case. The message that FedEx was no longer asserting a defense based on a failure of conciliation was loud and clear. Attorneys (and this Court) rely on "meet and confers" to expedite litigation and "promote just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. If one party can use Rule 15 as an escape hatch when it no longer wishes to uphold a fundamental litigation position it had confirmed with the opposing party (and then to the Court in

---

[14] Of course, this is in direct opposition to FedEx's counsel's assertion that its Third Answer lacks "a defense asserted in the case of failure to conciliate." (Tr. of Proceedings, ECF No. 189, 40:5–8 & 47:10–22.)

its formal pleading) when we are now deep into the case, that opposing party (and the Court) gets thrown back into the litigation trenches on a closed issue without good reason. Such a whip-lashing strategy severely jeopardizes the ability of parties to meet and confer on any future matter, as faith that one's adversary will stick to their position would be out the window. This would undoubtedly slow down and in reality derail the administration of justice. For these reasons, the Court concludes that the delay ensconced in FedEx's for leave request to amend yet again is undue and prejudicial. *See Geness v. Cox*, No. 17-2073, 2018 WL 4087887, at \*14 (3d Cir. Aug. 28, 2018), *citing Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001).

### ii. *Futility and Judicial Economy*

FedEx's argument as to why there is no prejudice—because its latest response would not substantively change anything or alter the litigation position of the parties—does not hold water. The reality is that FedEx has been trying to hedge its bets. And hedge, then hedge them again. And then again, all the while purporting to reserve the right to do it all yet again with one or more further amendments, depending on what this Court may or may not decide as to this or future motions. (*See* ECF No. 191-2, at 9.)

Not only would this Proposed Fourth Answer be futile if as FedEx says it really does not add back in a new defense (but, of course, it does) and prejudicial given the 180 degree switch in FedEx's position, it also directly implicates the judicial economy factor applicable under Rule 15. Judicial economy is an equitable consideration that incorporates judicial efficiency and effective case management. *Mullin*, 875 F.3d at 157. Our Court of Appeals cautioned district courts that analyzing judicial economy is a forward-looking task. *Id.* at 158 ("[S]imply tallying up the number of motions, conferences (of any type), and opinions sheds little light on whether future management of the case would encounter similar difficulties."). Here, FedEx has repeatedly shifted

17

positions as to the EEOC's conciliation compliance, finally affirmatively pleading (and telling the EEOC and the Court) that FedEx was no longer challenging that conciliation process. Yet now it wants all of that to be ignored as the case moves forward. It is a waste of judicial resources for the Court to continue to wrangle FedEx's chameleon-like pleadings on that issue (and for the Court and the parties to litigate these issues going forward) when the case is otherwise ripe for the march to disposition on the merits. There is no record basis for the Court and the EEOC to not take FedEx at its word on this issue as expressed in its Third Answer.

### *iii. Undue Delay and Dilatory Motive*

A delay is undue when it is "protracted and unjustified." *Mullin*, 875 F.3d at 151. Denial of leave to amend is proper when the moving party offers no cogent reason for the delay in seeking amendment. *Id.* The plaintiff in *Mullin* sought leave to amend after a one-time clerical error caused discovery responses giving rise to a new claim to be misplaced and misfiled. Our Court of Appeals concluded that a clerical error, an omission caused by carelessness, or a "mistake [that] could occur in any attorney's office no matter how well run" resulting in a delay often constitutes excusable neglect that should not bar leave to amend under Rule 15. Here, FedEx seeks to amend in order to "bring[] additional clarity to the denials that are already contained in its Second Amended Answer."[15] (FedEx's Reply Br., ECF No. 206, at 3.) This explanation is insufficient to overcome its own delay in amending responses to allegations of pre-suit events. FedEx has had three opportunities to clarify its answers to the Complaint and the Court (and the EEOC) is entitled to

---

[15] To the extent FedEx claims amendment is necessary because FedEx's efforts to assert viable legal arguments were thwarted by the EEOC's "fail[ure] to disclose relevant precedent," FedEx's own "misunderstandings based on law or procedure rarely constitute excusable neglect . . . ." *Mullin*, 875 F.3d at 154. The Court sees no basis to conclude that there is excusable neglect here.

18

rely on FedEx's affirmative statements that it was done challenging the EEOC's conciliation process.

The portion of the Complaint and series of Answers at issue here relate to *pre-suit* requirements. FedEx participated in the lengthy pre-suit administrative process (which concluded years ago), and no newly discovered facts support such another change in position at this juncture in the case. *Gasoline Sales v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994) ("Gas Sales is not seeking to add claims it inadvertently omitted from its prior complaints or which it did not know about earlier. Rather, Gas Sales is modifying its allegations in hopes of remedying factual deficiencies in its prior pleadings, *even to the point of contradicting its prior pleadings*." (emphasis added)). It appears that FedEx only seeks to secure a more strongly-worded position with respect to the EEOC's prior (and perhaps anticipated future) Motion for Partial Summary Judgment, certainly to the contradiction of FedEx's prior written statement of its position on what it had asserted to the EEOC as a key defense in the case.[16]

In addition, seeking leave to amend in order to resurrect abandoned claims has been held to be "indicative of possible bad faith and dilatory motive at the worst, and weak attempts at artful pleading at best." *Louisiana v. Litton Mortg. Co.*, 50 F.3d 1298, 1304 (5th Cir. 1995). In *Litton Mortgage*, the plaintiff sought leave to amend its complaint to add a RICO claim that it had previously abandoned. *Id.* at 1303. Furthermore, the plaintiff had already amended twice before, and the proposed new amendment failed to raise any new factual allegations. *Id.* at 1303–04. The

---

[16] FedEx argues there is no case law that supports the proposition that "extrinsic material" alters the "effect of the pleading" with respect to the e-mail and the Third Answer. (FedEx's Reply Br., ECF No. 206, at 10.) Federal Rule of Civil Procedure 8(e) directs that "[p]leadings must be construed so as to do justice." Here, the Third Amended Answer affirmatively admitted that conciliation had been completed, a reality confirmed by the letter to EEOC Counsel from FedEx's lawyer. That pleading position was neither an accident nor a mistake. FedEx cannot now capitalize on a sudden change of its own heart and its unilateral reconstruction of its own pleadings.

Fifth Circuit affirmed the lower court's denial of leave to amend, agreeing with the lower court that the evidence of abandonment was sufficient to warrant denial of leave to amend. *Id.* at 1304.

Even if the Proposed Fourth Answer would go beyond "clarifying" and actually alter or revoke FedEx's admissions in the case (and thus expand the issues to be litigated going forward in the case), as EEOC cogently argues such a shift in course by FedEx would be the result of its own undue delay and litigation machinations. In *CMR D.N.*, our Court of Appeals affirmed a denial of leave to amend pleadings, finding no reason for the amendment other than as "an attempt to avoid dismissal due to mootness." 703 F.3d at 631. The lower court's denial was therefore not an abuse of discretion, but a "conscientious" application of the principles embodied by the Federal Rules of Civil Procedure. *Id.* This case falls squarely within the principles set out in *CMR D.N.* and *Gas Sales*. Allowing such leave to amend here would be out of step with the Federal Rules of Civil Procedure and would result in prejudicial, undue delay to the opposing party, the EEOC.

### iv.    *Additional Equities*

FedEx argues that the EEOC is to blame for any disruption that the Proposed Fourth Answer would cause since it claims that the EEOC "engineered the previous amendments to FedEx's Answer by failing to disclose relevant precedent and facts and improperly threatening sanctions." (FedEx's Br. in Supp., ECF No. 192, at 9.) FedEx then suggests that granting its Motion for Leave would function as a sanction for the EEOC's conduct. That argument is in essence a claim that FedEx was snookered into filing its prior Answers by the EEOC's lawyers. FedEx, a seemingly large and sophisticated operation[17] represented in this Court by a phalanx of seemingly quite able lawyers, fails to convince the Court (let alone demonstrate) that it had been bullied by the EEOC into submitting faulty prior pleadings at all, let alone to the extent that it warrants any

---

[17] According to the 2018 *Fortune* 500, FedEx ranks number 50. *FedEx*, Fortune, http://fortune.com/fortune500/fedex/ (last visited September 11, 2018).

sort of sanctions against the EEOC. *That* argument is so facially odd that it "taxes the credulity of the credulous." *Maryland v. King*, 569 U.S. 435, 466 (2013) (Scalia, J., dissenting).[18]

It does not appear to the Court that in these circumstances, EEOC owed a duty to inform FedEx of out-of-circuit district court cases that FedEx now says may have lent support to FedEx's position. (FedEx's Br. in Supp., ECF No. 192, at 9 (claiming that the EEOC was aware of district court cases where defendants prevailed on "similar" defenses to those asserted by FedEx).) Second, while adversaries should not use Rule 11 to strong-arm an opponent, the proper response to such a perceived abuse is not to lay in wait for a more strategic time to "cash in" with an effort to reverse a plainly thought out admission in a prior pleading. This Court was, and had been, open for business if FedEx really thought that it was being oppressed by a threatened Rule 11 Motion from the EEOC. *See LabMD, Inc. v. Tiversa Holding Corp.*, No. 15-cv-92, 2016 U.S. Dist. LEXIS 67231 (W.D. Pa. May 23, 2016) (untimely Rule 11 sanction motions are consistently denied as they go against the purpose of the safe harbor provision to encourage self-correcting). Third, FedEx conveyed to this Court that it made the conscious decision to amend its prior Answers after conducting its own legal research. *See, e.g.*, ECF No. 92, at 2 (seeking amendment after it "reevaluated certain aspects of its original Answer"); ECF No. 102, at 2 (seeking amendment after it "reevaluated its position"). Like the district court in *Gas Sales*, this Court concludes that "three attempts at a proper pleading is enough." 39 F.3d at 74, and FedEx alone had the duty "to carefully consider" what it placed in its own pleading "before it [was] filed." *Id.*

---

[18] And in perhaps the longest of all of the "Hail Mary" incomplete passes that this Court has yet seen thrown, FedEx asks the Court to call the EEOC to task for violating the confidentiality provisions of 42 U.S.C. § 2000e-5(b) when the EEOC issued a press release on October 10, 2014. The press release revealed that 19 EEOC charges had been filed relative to the allegations in the Complaint, and that the EEOC had attempted to reach a settlement via pre-suit conciliation. (ECF No. 192 at 12.) Of course, the EEOC had pled exactly those things (as it was obligated to do) in its publicly docketed Complaint filed ten (10) days earlier, ECF No. 1 at 4—5, and as to conciliation matters, FedEx's own filings in this Court have revealed far more on the topic. Suffice it to say that in such circumstances, this does not amount to inequitable or sanctionable conduct on the part of the EEOC.

One other point bears mentioning. Under Rule 8(b), a party responding to a pleading shall "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). In addition, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Proposed Fourth Answer fails by all measures under both of these provisions. It adds nearly six (6) pages of content, including footnote references to cases it claims support its positions, along with case citations above the line accompanying various "defenses." It is none of "short," "plain," "simple," "concise," or "direct."

To close its Rule 15 analysis, this Court concludes that the equities cut very heavily in favor of denying FedEx leave to amend once more in light of its numerous, previous opportunities to amend its Answer, its actual prior amendments, its own position that its existing Third Answer did not waive a challenge to compliance with pre-suit conciliation requirements (even though its plain language seems to do just that), its stated reason for amendment as one to "merely elaborate" on "existing" denials, and then its own lawyer's written representations that Paragraph 10 of its Third Answer was a conscious admission that the EEOC conciliated the alleged violations prior to commencing suit. (FedEx's Br. in Supp., ECF No. 192, at 1.)

## IV. CONCLUSION

We have reached the point at which, by any measure, this "has gone on long enough." *Jones v. United States*, 135 S.Ct. 8, 9 (2014) (Scalia, J. dissenting from denial of certiorari). FedEx's Motion for Leave to Amend, ECF No. 191, is denied. An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: September 12, 2018

cc: All counsel of record

22