# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 2:15-cv-256 |
| v. ) ) | Judge Mark R. Hornak |
| FEDEX GROUND PACKAGE SYSTEM, INC. ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, Chief United States District Judge**

The latest discovery dispute in this contentious and voluminous case concerns the discoverability of two EEOC investigatory files.[1] For the reasons stated below, the Court denies EEOC's Motion for Protective Order. (Mot., ECF No. 298.)

Prior to the initiation of this lawsuit, deaf or hard-of-hearing individuals filed Charges of Discrimination with the EEOC alleging violations of the ADA by FedEx. (ECF No. 1 ¶ 8.) The EEOC then conducted a nationwide systemic investigation of potential ADA violations. (*Id.* ¶¶ 8–9.) Ultimately, the EEOC filed this lawsuit seeking relief on behalf of 308 identified "Aggrieved Individuals" or "AIs." (ECF No. 117, at 9 n.2.) The discovery dispute here revolves around deaf or hard-of-hearing individuals who filed Charges of Discrimination, whose charges were investigated by the EEOC in the course of its nationwide investigation, but were ultimately not identified as AIs in this lawsuit. Counsel for EEOC represented to the Court at the June 12, 2019, Telephonic Oral Argument that there were two (2) charges by (2) individuals that EEOC

---

[1] The issues were briefed (ECF Nos. 299, 304, 309), and the Court held telephonic oral argument on June 12, 2019.

investigated (and issued Letters of Determination of Reasonable Cause) but the individuals were not ultimately included in this lawsuit for reasons unrelated to the underlying merits of their individual claims. FedEx wants those two investigative files.

The Court agrees with FedEx that such discovery is permissible under Federal Rule of Civil Procedure 26. FedEx has met its burden of proving the relevance of the requested information to its defense in this case. "'Relevant evidence' means 'anything having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable tha[n] it would be without the evidence.'" *Trask v. Olin Corp.*, 298 F.R.D. 244, 258 (W.D. Pa. 2014) (quoting Fed. R. Evid. 401). The Court concludes that the investigative files of charging non-AIs are relevant for purposes of Rule 26. This entire case is about FedEx's treatment of deaf and hard-of-hearing individuals, and EEOC will in all likelihood introduce evidence of the AIs' experience or FedEx's involved policies and practices and their implementation. The investigative files at issue here reasonably could shed light on the credibility of the AIs (if and when they testify as to their experience) or the allegations of ADA-prohibited discrimination as to FedEx.

The Court disagrees with EEOC that production of the non-privileged documents from the requested files—all two of them—will be disproportionate to the needs of the case. The EEOC is seeking compensatory damages, punitive damages, and injunctive relief on behalf of more than 300 AIs. Its argument that producing two investigative files from that systemic investigation is disproportionate or is unduly burdensome rings hollow.[2]

---

[2] As this Court stated in a prior Memorandum Opinion:
> The parties should also bear in mind that, at the beginning, they jointly requested *nearly four (4) years* of fact discovery. Federal Rule 26(f) Report of the Parties, ECF No. 89, at 3. Thus, it is beyond doubt that both parties clearly understood, from the beginning, that this was going to be a big case that would take some considerable time and effort to unwrap and prosecute/defend, and they argued just that to the Court.

(Mem. Op., at 7, ECF No. 212.)

2

EEOC next argues that § 709(e) of the ADA, 42 U.S.C. § 2000e-8(e), prohibits the EEOC from disclosing these particular documents to FedEx. That statute reads:

> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this title involving such information.

EEOC argues that FedEx is considered the "public" (to whom disclosure is prohibited) with respect to the investigative files of the charging non-AIs because the EEOC charges were closed and the investigation is conclusively over.[3] Those facts may be true, but the Court reads nothing in either the statute, decisional case law, or the regulations cited by EEOC that suggests that, for these purposes, these are distinctions with a difference given the facts here or that they transform FedEx into a member of the "public" to whom disclosure would otherwise be prohibited.

Section 709(e)'s prohibition on disclosure is not problematic here because FedEx is not the "public." *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 596 (1981). FedEx is the respondent to the charges at issue both as to this case and as to the files in question. *Id.* In its Opinion holding that respondents are not considered the "public," *Associated Dry Goods* made no distinction between open and closed charges from the same EEOC investigation. EEOC next turns to 29 C.F.R. § 1601.22, which merely reiterates the tenor of § 709(e), noting that the prohibition "does not apply to such earlier disclosures to charging parties, or their attorneys, respondents or their attorneys." EEOC next relies on § 1610.77, but this regulation again repeats the statutory language in § 709(e), incorporates the holding in *Associated Dry Goods*, and directs that "special disclosure rules" for case files as they pertain to "entities against whom charges

---

[3] EEOC reports that neither of the charging non-AIs filed private lawsuits related to their charges, and the statute of limitations for them to do so has passed. In other words, their charges will not be litigated in court.

have been filed . . . . are available in the public reading areas of the Commission." Neither regulation speaks to the situation present here: disclosure of charging non-AI investigative files to the respondent in the EEOC's lawsuit against the respondent that arose from the same investigation. Further, given that the involved charge files have their genesis in the same investigation as the charges directly tied to this lawsuit and the AIs for whom relief is sought, in the Court's judgment, this is plainly a "proceeding . . . involving such information." § 709(e). The fact that the EEOC did not elect to seek relief as to the charging parties from the (2) individual charges does not "disconnect" them from the central claims and defenses here.

Finally, EEOC relies on its Compliance Manual § 83.3(b), which states that in private lawsuits (which this is not), the EEOC should honor a request for such disclosure "only if it is a named defendant in a pending private lawsuit based on the charge." (ECF No. 299-2, at 2.) EEOC conducted a systematic investigation and it resulted in the pending lawsuit, though some charges investigated therein were not carried over into litigation. The Court concludes that none of the EEOC's cited authorities prohibit disclosure in this scenario.[4] *Accord EEOC v. Albertson's, LLC*, No. 06-cv-1273, 2008 WL 511480 (D. Colo. Feb. 22, 2008) (compelling production for employer's requested documents from closed charge against it that overlapped with current EEOC lawsuit).

---

[4] Even if the Compliance Manual were to be on point, our Court of Appeals gives only *Skidmore* deference to such authority, which is a level of deference "in accordance with the thoroughness of its research and persuasiveness of its reasoning." *El v. Se. Pennsylvania Transp. Auth. (SEPTA)*, 479 F.3d 232, 244 (3d Cir. 2007). If the policy document itself does not substantively analyze the statute, it is not entitled to great deference. *Id.*

4

For the foregoing reasons, EEOC's Motion for a Protective Order is denied. An appropriate Order will issue.

_____
Mark R. Hornak
Chief United States District Judge

Dated: June 13, 2019

cc: All counsel of record